UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61465-CIV-COHN/SNOW

LINDA DE LUCA,

      Plaintiff,

v.

MICHAEL CHERTOFF, as Secretary,
Department of Homeland Security,

      Defendant.
_____/

**ORDER DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND ORDERING PLAINTIFF TO EFFECT PROPER SERVICE OF PROCESS;
ORDER CONVERTING REMAINING MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT AND ALLOWING LIMITED DISCOVERY**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Complaint [DE 15]. The Court has carefully considered the Motion, Response [DE 21], Reply [DE 22], exhibits thereto, and the underlying record in this case, and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff Linda De Luca was employed by the United States Transportation Security Administration ("TSA") as an airport security screener from September 6, 2002 through March 8, 2003 at Fort Lauderdale/Hollywood International Airport. (Compl., ¶¶ 7, 9 [DE 1].) Plaintiff was told that she was terminated on March 8, 2003 for failing the image mastery test given as part of her pre-employment conditions. (Compl., ¶¶ 8-9.) Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") administrative complaint alleging that the adverse employment action was the result of sex and age discrimination. (Compl., ¶ 10; Mot., Exh. B [DE 15].) Thereafter, in June 2004, Plaintiff was rehired by TSA at the West Palm Beach Airport. She was terminated on March 31,

2005.  (Compl., ¶¶ 12-14.)  Although Plaintiff was told that this second termination was due to her intentional falsification of records, Plaintiff alleges that she never falsified records and that the firing was an act of retaliation once the West Palm Airport learned that she had previously filed a discrimination charge.  (Compl., ¶¶ 13-15.)

On May 30, 2006, the Department of Homeland Security's Office of Civil Rights and Civil Liberties ("OCRCL") issued a Final Agency Decision ("FAD") which was sent to the Plaintiff and her attorney by certified mail.  (Mot., Exh. A.)  The FAD summarizes the EEOC Administrative Judge's finding that Plaintiff was discriminated against and was therefore entitled to reinstatement and backpay. (Mot., Exh. B.)  The parties dispute whether Plaintiff and/or her counsel ever received a copy of the FAD.  Defendant alleges that according to the certified mail receipts, Plaintiff and her counsel received copies of the FAD on June 7, 2006 and June 6, 2006, respectively.  Plaintiff alleges that she did not receive the FAD at that time.  The parties nevertheless agree that a copy of the FAD was forwarded to Plaintiff's counsel on August 1, 2006, the day it was received by TSA Attorney-Advisor M. Bradley Flynn.  Until that date, Mr. Flynn was unaware that the FAD had been issued.  (Declaration of M. Bradley Flynn, Reply, Exh. 1, ¶ 8.)  In the interim, from May 2006 through mid-August 2006, Plaintiff's counsel and Mr. Flynn engaged in discussions regarding the potential resolution of Plaintiff's claim.  When the situation remained unresolved, Plaintiff filed the instant action on September 27, 2006 alleging unlawful retaliation and sex discrimination in violation of Title VII.  Defendant now seeks to dismiss the case for 1) insufficiency of process; and 2) failure to file the action within the time provided by 42 U.S.C. § 2000e-16(c).

## II. SERVICE OF PROCESS

Defendant argues that the case should be dismissed because Plaintiff failed to

serve the Government in accordance with Federal Rule of Civil Procedure 4. Pursuant to Rule 4(m), a plaintiff has 120 days after filing a case to serve the summons and complaint upon a defendant. If the plaintiff fails to do so, Rule 4(m) states that the Court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."

Where, as here, the named defendant is the United States, or an agency, corporation, officer or employee of the federal government, service must be effected in accordance with Rule 4(i). Defendant specifically alleges that Plaintiff failed to satisfy the requirements set forth in Rule 4(i)(1)(A) and (B). Rule 4(i)(1)(A) states that service upon the United States shall be effected "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought" or his designee, "or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." Rule 4(i)(1)(B) states that a copy of the summons and complaint must also be sent via certified or registered mail to the Attorney General of the United States in Washington, D.C.

Defendant alleges that Plaintiff failed to properly effect service in the following ways: 1) failure to deliver a copy of the summons and complaint to the United States Attorney for the Southern District of Florida or a proper designee; 2) the mailing to the United States Attorney did not contain the summons _and_ complaint; 3) the mailed service to the Attorney General likewise lacked a copy of the summons; and 4) proper service was not completed within 120 days. Relying on copies of certified mail receipts, Plaintiff argues that she properly served the United States Attorney's Office for the Southern District of Florida and the Attorney General with the summons and complaint

within 120 days of filing the suit. Plaintiff further argues that even if the Court finds that the evidence provided is insufficient to establish that she properly effected service of process, the Court should allow Plaintiff a reasonable time to serve the Government via facsimile rather than dismissing the case.

The Court finds that the certified mail receipts provided by the Plaintiff do not establish that the United States was properly served in accordance with Rule 4(i). Although the receipts indicate that Plaintiff's counsel sent documents to the offices stated above within 120 days of filing the action, it is not clear exactly which documents were sent certified mail. Further, as noted by Defendant, the documents mailed to the United States Attorney's Office were signed for by Patrick Smith, who the United States indicates is a security guard not authorized to receive service of process. Therefore, the Court finds that Plaintiff's counsel failed to properly serve Defendant in accordance with the Federal Rules of Civil Procedure.

Nevertheless, "'dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt <u>and</u> lesser sanctions would not suffice.'"[1] Turner v. United States, 203 Fed. Appx. 952, 954 (11th Cir. 2006) (quoting Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1340 (11th Cir. 2005) (emphasis in original)). The Court finds that the defective service, while clearly caused by Plaintiff's counsel, was not a willful or deliberate act. Further, in light of the fact that the Defendant has knowledge of the action and was not unduly prejudiced by the defects in service, the improper service can be remedied by providing

---

[1] Although Rule 4 provides for dismissal without prejudice for insufficient service of process, as discussed further below, absent a determination by this Court that equitable tolling is appropriate, the time for filing this action has passed and any subsequent filing would be dismissed as untimely.

4

Plaintiff reasonable time to serve Defendant in accordance with Rule 4. As Rule 4(i) does not provide for service via facsimile, the Court will not grant Plaintiff's request to effect service in this manner. Rather, the Court will allow Plaintiff until the close of business on April 18, 2007 to effect service of process pursuant to Rule 4. Plaintiff shall file a notice of service with the Court detailing the steps taken to effect service. Failure to serve Defendant in this manner within the time period set forth herein may result in the dismissal of this action with prejudice. Defendant shall have ten days from the date of service to file a notice of appearance. However, in light of the pending Motion to Dismiss discussed below, Defendant shall not be required to file a responsive pleading at this time. Should the Court ultimately deny the Motion, Defendant shall have ten days from the date of the court's denial of the Motion to file a responsive pleading in accordance with Federal Rule of Civil Procedure 12(a)(4).

### III. TIMELINESS OF FILING

Defendant also argues that the case should be dismissed because Plaintiff failed to file the action in accordance with the time parameters set forth in 42 U.S.C. § 2000e-16(c). 42 U.S.C. § 2000e-16(c) states, in relevant part, that an employee of the United States or its departments, agencies or units may file a civil action in federal court,

> [w]ithin 90 days of receipt of notice of final action taken by a department, agency or unit [of the United States] . . . on a complaint of discrimination based on race, color, religion, sex or national origin, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit . . . until such time as final action may be taken.

Although some circuits view the 90 day time limitation as a jurisdictional requirement, in the Eleventh Circuit, "all Title VII procedural requirements to suit are . . . to be viewed as conditions precedent to suit rather than as jurisdictional requirements." Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1525 (11th Cir. 1983); see

5

also Nat'l Cement Co. v. Federal Mine Safety & Health Review Comm'n, 27 F.3d 526, 530 (11th Cir. 1994); Ross v. United States Postal Service, 814 F.2d 616 (11th Cir. 1987).  But see Gaballah v. Johnson, 629 F.2d 1191, 1199 n.11 (7th Cir. 1980) (Title VII time limit is jurisdictional prerequisite); Eastland v. Tenn. Valley Auth., 553 F.2d 364, 368 (5th Cir. 1977) (same); Cynthia Reed, Note, Time Limits for Federal Employees Under Title VII: Jurisdictional Prerequisites or Statues of Limitation?, 74 Minn. L. Rev. 1371 (1990) (discussing circuit split).  Classifying the time limitation as a condition precedent rather than a jurisdictional requirement has two practical and procedural consequences.  First, failure to meet the deadline requires dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) rather than for lack of subject matter jurisdiction in accordance with Rule 12(b)(1).  Howell v. Dep't of the Army, 975 F. Supp. 1293, 1296 (M.D. Ala. 1997) (citing Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981)).  Second, equitable tolling can be applied to excuse untimely filings.  Id. (citing Mosley v. Pena, 100 F.3d 1515, 1517 (10th Cir. 1996); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996)).  The "'complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles.'"  Id. (quoting Wilson v. Sec., Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995)).

In this case, the parties dispute whether and on what date Plaintiff and her counsel received the FAD, and whether, if the FAD was received more than 90 days before the instant case was filed, equitable tolling applies.  To support its contentions, Defendant has submitted evidence including certified mail receipts and sworn affidavits.  Plaintiff filed copies of letters and e-mail correspondence.  Although the issue of subject matter jurisdiction can be determined by the district court by considering facts outside of

the pleadings, when considering whether to dismiss a claim under Rule 12(b)(6), the district court may only consider matters outside the pleadings by converting the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(b); Goodman v. Sipos, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001). When taking this action, the court must provide all parties a reasonable opportunity to present supplemental evidence relevant to a summary judgment determination. Fed. R. Civ. P. 12(b). Since both parties in this matter have attached evidence outside of the pleadings, and the timeliness issue is an issue which must be determined under Rule 12(b)(6), the Court shall convert the Motion to Dismiss into a motion for summary judgment so that such outside evidence may be considered.[2] In accordance with Rule 12(b), the Court hereby provides the parties leave to supplement their filings to include evidence related to a summary judgment determination on this issues set forth herein. The parties shall have until the close of business on May 11, 2007 to engage in discovery on the limited issues of whether and when Plaintiff and her counsel received a copy of the FAD and whether equitable tolling should apply in this case.[3] Each party shall be permitted to file one supplemental pleading with relevant attached exhibits no later than the close of business on May 18, 2007. The length of the filings must comply with the Local Rules of this Court. Absent good cause, the parties will not be granted an opportunity to

---

[2] The Court shall evaluate any objections to the admissibility of the evidence when it decides the motion for summary judgment.

[3] Although Defendant has not been properly served, it filed a limited appearance for the purpose of filing its Motion to Dismiss. The Court notes that any participation in discovery by Defendant does not waive Defendant's objections to the defective service. However, in an effort to expedite the proceedings in this case, the Court instructs the parties to immediately begin discovery on the issues set forth herein rather than waiting for Plaintiff to effect proper service. If service is not made in accordance with this Order, all discovery shall cease and the case may be dismissed with prejudice.

respond to the arguments raised by the opposing party.

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss Complaint [DE 15] is **DENIED IN PART** as it relates to Plaintiff's failure to properly effect service of process in accordance with Federal Rule of Civil Procedure 4;

2.  Plaintiff shall have until the close of business on April 18, 2007 to serve Defendant in accordance with Federal Rule of Civil Procedure 4.  Plaintiff shall file a notice of service detailing the steps taken to comply with this Order.  This notice must be filed within two days after Defendant is served.  Any objections to the way in which service was effected or to the notice of service must be filed by Defendant within ten days from the date of service;

3.  The remainder of Defendant's Motion to Dismiss Complaint [DE 15] is hereby converted into a motion for summary judgment.  The parties shall have until the close of business on May 11, 2007 to engage in discovery limited to whether and when Plaintiff and her counsel received a copy of the FAD and whether equitable tolling should apply in this case.  Each party shall be permitted to file one supplemental pleading with relevant attached exhibits no later than the close of business on May 18, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 4th day of April 2007.

JAMES I. COHN
United States District Judge

Copies to all counsel of record on CM/ECF